1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL C.,

                          Plaintiff,

        v.

COMMISSIONER OF
SOCIAL SECURITY,

                          Defendant.

Case No. 2:18-CV-01854

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

12     Plaintiff has brought this matter for judicial review of defendant's denial of his

13 application for supplemental security income (SSI) benefits.

14     The parties have consented to have this matter heard by the undersigned

15 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16 MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny

17 benefits.

18                      I.    ISSUES FOR REVEW

19   1. Were plaintiff's due process rights violated when the prior administrative file was
        not initially attached to the decision and supplemented at a later time?
20   2. Did the ALJ properly evaluate plaintiff's testimony?
     3. Did the ALJ properly evaluate Dr. McNamara's opinion?
21   4. Did the ALJ properly evaluate plaintiff's severe impairments?
     5. Did the ALJ properly assess plaintiff's residual functional capacity (RFC)?
22
23
24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

1

2

## II.   BACKGROUND

In February 2012, plaintiff filed an SSI application, alleging disability beginning

May 1, 2011. AR 232. His application was denied initially and on reconsideration. AR

20. On April 4, 2013, ALJ Laura Valente held a hearing, taking testimony from plaintiff

and a vocational expert (VE). AR 40–120. On June 27, 2013, ALJ Valente issued a

decision finding plaintiff not disabled from the alleged onset date through the date of the

decision. AR 20-34.

On December 1, 2014, the Appeals Council denied plaintiff's request for review.

AR 10–12. Plaintiff appealed and the District Court affirmed the decision on January 20,

2016. *Cramer v. Colvin*, No. C15-0640-MAT, 2016 WL 10894048, at *1 (W.D. Wash.

Jan. 20, 2016). The United States Court of Appeals for the Ninth Circuit affirmed on

December 13, 2017. *Cramer v. Berryhill*, 706 F. App'x 385 (9th Cir. 2017).

Plaintiff filed new applications for Social Security and SSI on March 30, 2015,

alleging disability since May 1, 2011 – but the relevant time period started on June 28,

2013 (the day after ALJ Valente's decision was published). AR 554, 581. Plaintiff's

application was denied upon initial administrative review and on reconsideration. AR

731–35. A hearing was held before ALJ Mary Gallagher Dilley ("the ALJ") on February

8, 2017. AR 577–630. On October 30, 2017, the ALJ issued a decision finding Plaintiff

had the ability to perform past work and was not disabled. AR 551–70. The Social

Security Appeals Council denied Plaintiff's request for review on October 24, 2018. AR

536–42.

On November 6, 2019, Plaintiff filed his amended complaint in this Court seeking

judicial review of the ALJ's written decision. Dkt. 20. Plaintiff asks this Court to reverse

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

1  the ALJ's decision and to remand this case for an award of benefits or additional

2  proceedings. Dkt. 20, p. 18.

3                          III.    <u>STANDARD OF REVIEW</u>

4         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

5  denial of Social Security benefits if the ALJ's findings are based on legal error or not

6  supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154 (9th Cir. 2020).

7  The United States Supreme Court has defined "substantial evidence" to be "more than a

8  mere scintilla" and "means—and means only—'such relevant evidence as a reasonable

9  mind might accept as adequate to support a conclusion.'" *Bisetek v. Berryhill*, 139 S. Ct.

10 1148, 1154 (2019).

11                         IV.    <u>DISCUSSION</u>

12        In this case, the ALJ found that plaintiff had the following severe, medically

13 determinable impairments: liver disease (including hepatitis C infection), hearing loss,

14 and cardiac disease. AR 557. The ALJ also found that plaintiff's PTSD, bipolar,

15 depression, and other anxiety were non-medically determinable impairments since June

16 28, 2013. AR 559.

17        Based on the limitations stemming from these impairments, the ALJ assessed

18 plaintiff as being able to perform light work as defined in 20 C.F.R. 404.1567(b) and

19 416.967(b) except that he can occasionally climb ladders, rope, and scaffolding—

20 although he should avoid concentrated exposure to hazards and pulmonary irritants. AR

21 560. Additionally, the ALJ assessed that plaintiff can tolerate moderate noise levels. *Id.*

22 Relying on the vocational expert testimony, the ALJ found that Plaintiff would be able to

23 perform his past relevant work as an automotive accessories salesperson and a title

24 searcher. AR 565.

25

A. <u>Whether Plaintiff's Due Process Rights Were Violated Because the Prior</u>

<u>Administrative Record Was Not Initially Attached to the Decision</u>

Plaintiff contends that his constitutional right to procedural due process was violated because the ALJ failed to fully and fairly develop the record. More specifically, Plaintiff asserts that this right was violated because the ALJ cited to evidence from the prior administrative file and that file was not initially attached the ALJ's decision. Dkt. 20, p.3.

Due process requires the ALJ's decision to be based on "the preponderance of the evidence offered at the hearing or otherwise included in the record[,]" 20 C.F.R. § 404.953. Yet, harmless error principles apply in the Social Security context. *Ford v. Saul,* 950 F.3d 1141, 1154 (9th Cir. 2020); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, Plaintiff's due process rights were not violated when the prior administrative file was added at a later time. This error appears to be a clerical error. During the hearing, the parties and the ALJ were referring to exhibits from the prior case, as well as the current one. AR 577–630. Plaintiff fails to show how he would have been prejudiced by a delay in formalizing the record after the hearing, and such delay did not prevent the ALJ in the most recent case from evaluating the evidence. *See* AR

557–66. Further, it did not prevent the Plaintiff from having access to it either.

B. <u>Whether the ALJ Properly Considered Plaintiff's Testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting his symptom testimony. Dkt. 20, p. 17.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

An ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989)). However "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1 (effective March 16, 2016).

In discounting Plaintiff's symptom testimony, the ALJ reasoned that (1) Plaintiff's inconsistent reports of business activity detracted from the relatability of his statements;

1
2
3
4
5
6

(2) Plaintiff gave inconsistent reasons for he does not take psychiatric medications to treat his mental illnesses; (3) Plaintiff gave inconsistent reasons why he does not take medications for his liver disease and concluded the longitudinal evidentiary record did not document any valid reason for forgoing conventional treatment for his liver disease; and (4) Plaintiff's activities were inconsistent and contradictory with his alleged degree of physical impairments. AR 557–65.

7
8
9
10
11
12
13
14
15

First, the ALJ reasoned Plaintiff's inconsistent reports of business activity detracted from the relatability of his statements. AR 559. He reported at his prior hearing he last worked as a business owner in January 2010. AR 46, 642. Elsewhere, he reported owning his own business until May 2011. AR 262, 604. He also reported owning his business until dates after his alleged disability onset of May 1, 2011. For example, during an assessment for mental health care in March 2012, he reported owning his own business until December 2011, which consisted of a two-man pressure washing and roof care operation. AR 308. Then in September 2012, he stated he owned his own business until January 2012. AR 453.

16
17
18
19
20
21
22
23

Second, ALJ reasoned that Plaintiff gave inconsistent reasons for why he does not take psychiatric medications to treat his mental illnesses. AR 557–59. "When a mental illness is involved, assuming that a failure to comply with prescribed treatment suggests a willful failure to comply with prescribed treatment can be illogical. This is in part because a person suffering from a mental illness may not realize that he needs his medication, or he may not even realize that his "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor

24
25

judgment in seeking rehabilitation.'" *Id.* (quoting with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

In this case, the ALJ pointed out that the reliability of plaintiff's reporting of symptoms is scant. Plaintiff provided inconsistent causes for not taking psychological medications. During his hearing, he stated that severe side effects from bipolar medication resulted in seven days of hospitalization in 1992. AR 596. However, during a state agency psychological evaluation in February 2012, plaintiff said that he had been first diagnosed with bipolar disorder in 1998 and asserted religious faith precluding him from taking such medications. AR 397. Despite plaintiff's religious objection about taking medication for his mental health conditions, plaintiff's treatment record reflects the use of hypertension medication since 2012. *See* AR 333, 451, 900–81. Then in January 2017, plaintiff asserted he is unable to take antidepressants because his liver "rejects" these medications. AR 983.

The ALJ did not err in finding "[t]he claimant's inconsistent statements about his psychological history and lack [of] psychiatric medication, combined with his history of gainful employment despite this alleged history, severely detracts from the reliability of his statements about his mental state." AR 558.

Tthe ALJ reasoned that plaintiff gave inconsistent reasons why he does not take medications for his liver disease and concluded the longitudinal evidentiary record did not document any valid reason for not accepting conventional treatment for his liver disease. AR 562, 564. Failure to follow up with certain treatment referrals is not a clear and convincing reason to discount the claimant's testimony if the claimant had cause for not complying with treatment recommendations. *Byrnes v. Shalala*, 60 F.3d 639, 641

1 (9th Cir. 1995). In addition, if there is not substantial evidence to show that the claimant

2 could reasonably remedy the condition with the treatment at issue—i.e., if the claimant

3 had followed the recommended course of treatment, the condition was reasonably

4 remediable and likely would have been resolved because of the efficacy of that

5 treatment as to the particular claimant—then there is not clear and convincing evidence

6 to discount the claimant's testimony. *Id.*

7       Here, Dr. McNamara, plaintiff's treating physician, noted plaintiff had no current

8 treatment, despite such treatment being a "very reasonable thing to do." AR 535. In

9 January 2016, plaintiff told his treatment provider that he was not a candidate for

10 hepatitis C treatment because of his untreated mental health issues, and in January

11 2017, he told a different treatment provider that he could not take psychiatric

12 medications because his liver "rejected" such medications. AR 940, 983. No evidence in

13 the record supported either of these statements. He also asserted that other liver

14 medications would not benefit his degree of liver disease or cure it, yet he tolerated the

15 side effects and lack of efficacy of medical marijuana to treat his anxiety and nausea.

16 AR 601–03.

17       The ALJ also reasoned plaintiff's activities were inconsistent with his alleged

18 degree of physical impairments. At the hearing, he described doing volunteer work

19 distributing food to homeless individuals and soliciting donations from other people. AR

20 606–08. In addition, he gave inconsistent statements, months apart, regarding his

21 degree of typing ability. AR 431, 477.

22       Further, the ALJ reasoned that plaintiff was "exaggerating or fabricating physical

23 issues, including for various forms of secondary gain," which was based on inconsistent

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8

and contradictory evidence. AR 563. Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

In this case, plaintiff called a cancer clinic for financial assistance with a utility bill in August 2012. AR 452. He was told he was ineligible for assistance since he was not a patient of the clinic. *Id.* Contrary to the medical record, plaintiff asserted he had stage 3 liver cancer. *Id.* Moreover, when visiting an emergency room in December 2015, plaintiff asserted that he needed assistance with transportation back home. AR 1006. He rejected the bus pass offered to him and asserted he was not satisfied because he cannot stand up, due to his physical limitations. *Id.* However, during this visit, the treatment provider noted that plaintiff was standing and pacing the entire conversation and otherwise noted that plaintiff walked throughout the hospital "without difficulty." *Id.*

Plaintiff has also been inconsistent about his medical condition at the hearing. During the hearing, plaintiff reported having stage 4 cirrhosis and/or liver disease, but the most recent documented liver biopsy showed liver fibrosis between stage 2 and 3. AR 942. Additionally, he reported inaccurate statements about weight loss caused by his liver disease. *See* AR 918, 916, 912; 895, 455, 869, 938, 947, 984.

Plaintiff contends that the ALJ for the current case improperly adopted some of the previous ALJ's analysis in evaluating plaintiff's testimony. Dkt. 20, p. 14. However, the Ninth Circuit affirmed ALJ Valente's decision to reject plaintiff's testimony and did

1   not find the analysis to be improper. *Cramer v. Berryhill*, 706 F. App'x 385 (9th Cir.

2   2017).

3        For all these reasons, the ALJ did not err in discounting plaintiff's testimony.

4        C.   <u>Whether the ALJ Properly Considered Dr. McNamara's Opinions</u>

5        Plaintiff asserts that the ALJ improperly rejected Dr. McNamara's opinion, who is

6   plaintiff's treating physician.

7        The ALJ must provide "clear and convincing" reasons for rejecting the

8   uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*,

9   871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

10  1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is

11  contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In

12  either case, substantial evidence must support the ALJ's findings. *Id.*

13       In a declaration from June 19, 2013, treating physician Dr. McNamara opined

14  that the claimant was unable to physically perform full-time work due to fatigue and

15  pain. AR 534–35. Regarding the plaintiff's functioning since June 28, 2013, the ALJ

16  gave minimal weight to this statement, and she rejected Dr. McNamara's statement of

17  disability. AR 564–65.

18       According to the Ninth Circuit, "'physicians may render medical, clinical opinions,

19  or they may render opinions on the ultimate issue of disability—the claimant's ability to

20  perform work.'" *Garrison v Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*

21  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Although "'the administrative law judge is

22  not bound by the uncontroverted opinions of the claimant's physicians on the ultimate

23  issue of disability, he cannot reject them without presenting clear and convincing

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 10

reasons for doing so.'" *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)).

Here, the ALJ gave four primary reasons for discounting Dr. McNamara's opinion: (1) Dr. McNamara evaluated plaintiff having stage 2 to 3 liver disease but did not support his statement with any reference to medical evidence; (2) contradicting medical and non-medical evidence existed; (3) Dr. McNamara's own treatment records also do not contain any positive examination findings of physical impairment except for some nodes in the middle finger; and (4) he only saw the plaintiff a few times per year, and thus, the ALJ concluded that Dr. McNamara had minimal objective basis for his cursory assessment of physical disability and that he heavily relied on plaintiff's self-reporting of physical symptoms. AR 564–65. These reasons are supported by substantial evidence and meet both the clear and convincing, and specific and legitimate, standards for rejecting Dr. McNamara's opinion.

With respect to the ALJ's first reason, the ALJ properly rejected Dr. McNamara's opinion because his statement that plaintiff had evidence of stage 2 to 3 liver disease was not supported by any references to medical evidence. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."); *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings.").

1    With respect to the second reason, contradicting medical and non-medical

2    evidence to Dr. McNamara's ultimate opinion on disability existed. An inconsistency with

3    the medical evidence may serve as a specific, legitimate reason for discounting

4    limitations assessed by a physician. *See* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4)

5    ("Generally, the more consistent a medical opinion is with the record as a whole, the

6    more weight [the Social Security Administration] will give to that medical opinion.");

7    *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (an ALJ may give less weight to

8    medical opinions that conflict with treatment notes). "Determining whether

9    inconsistencies are material (or are in fact inconsistencies at all) and whether certain

10   factors are relevant to discount the opinions of [treating or examining doctors] falls

11   within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603

12   (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)

13   (upholding ALJ's rejection of internally inconsistent medical opinion). An ALJ need not

14   accept a medical opinion that is brief and conclusory when the ALJ faces conflicting

15   evidence regarding the claimant's condition. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149

16   (9th Cir. 2001).

17   Here, the ALJ points out plaintiff's abdominal examinations have consistently

18   been benign, with findings of normal bowel sounds, no palpable masses, and lack of

19   abdominal tenderness. AR 299, 921, 939, 947, 994, 1003, 1048. Testing since June

20   2013 has consistently found normal liver enzyme levels, as well as normal albumin

21   levels. AR 948, 955, 959–60, 1009, 1049, 1161–62. An abdominal ultrasound in

22   December 2015 found an echogenic liver that was otherwise unremarkable. AR 1013–

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 12

14. Plaintiff has no other documented clinical studies of his liver since a biopsy in April 2012, which found liver fibrosis between stage 2 and 3. AR 942.

A month before the discovery of his liver disease, claimant was working as a building maintenance person. *See* AR 297–303, 605–06, 308, 453. Reviews of symptoms in April 2013 and July 2013 were negative for constitutional and gastrointestinal problems. AR 902, 931. Plaintiff's treatment records since June 28, 2013 do not contain any complaints of fatigue, exhaustion, or the daily naps that the claimant alleged during his hearing.

With respect to the third reason, Dr. McNamara's own treatment records also do not contain any positive examination findings of physical impairment except for some nodes in the middle finger. AR 405–13. Even where a treating physician's opinion is brief and conclusory, an ALJ must consider its context in the record—especially the physician's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding ALJ erred in finding treating opinion "conclusory" and supported by "little explanation," where ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain"); *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (finding ALJ erred in rejecting treating physician's opinion as supported by "little explanation," where record included treatment notes supporting the opined limitations).

And, Dr. McNamara had minimal objective basis for his cursory assessment of disability. "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605

(9th Cir. 1989) (citing *Brawner v. Sec. HHS*, 839 F.2d 432, 433–34 (9th Cir. 1988))).

However, like all findings by the ALJ, a finding that a doctor's opinion is based largely

on a claimant's own accounts of his symptoms and limitations must be based on

substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211,

1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

Here, the ALJ reasoned Dr. McNamara only saw the plaintiff a few times per

year. AR 532. The ALJ concluded that Dr. McNamara had minimal objective basis for

his cursory assessment of physical disability and he heavily relied on plaintiff's self-

reporting of physical symptoms. Further, the ALJ properly found that plaintiff's own

statements about his impairments, symptoms, and limitations to be unreliable (for

reasons mentioned above).

For all these reasons, the ALJ gave clear and convincing, and specific and

legitimate, reasons – based on substantial evidence -- for rejecting Dr. McNamara's

opinion.

D. <u>Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments</u>

1. <u>Mental Impairments</u>

Plaintiff asserts that the ALJ erred in finding plaintiff had no severe mental

impairment. Dkt. 20, p. 9. More specifically, plaintiff contends that the ALJ erred in this

finding because evidence in the prior administrative file and ALJ Valente's decision

support a contrary finding. *Id.*

Step two of the administration's evaluation process requires the ALJ to determine

if the claimant "has a medically severe impairment or combination of impairments."

*Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Administrative Law Judge "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen,* 80 F.3d at 1290 (citations omitted).  The step-two determination of whether or not a disability is severe is a threshold determination, raising potentially only a "prima facie case of a disability."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).

At step two, an impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.920(c); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Here, the ALJ found that plaintiff did not have medically determinable mental impairments for the relevant time period. AR 559. The prior ALJ had found severe mental impairments and the prior administrative file supports such impairments. AR 23. The Ninth Circuit has approached Social Security issues concerning mental conditions and resulting impairments with caution because experts in psychology and psychiatry necessarily rely on self-reports of their patients, and such impairments may wax and wane with fluctuations in symptoms or side-effects of medications. *See Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017) (confirming the diagnosis and treatment of

1   mental health conditions necessarily depends heavily on a patient's self-reports);

2   *Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014) (recognizing that cycles of

3   improvement and recurring disabling symptoms may happen in the course of a mental

4   health condition); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) (depression is

5   under-reported, and lack of treatment does not mean the patient is not disabled – failing

6   to seek or follow through with treatment may be a symptom of the mental condition).

7   Thus, it may be inferred that plaintiff's mental impairments probably did not disappear

8   just because the record after June 28, 2013 -- relevant time period -- lacks evidence of

9   mental health treatment or psychological findings when Administrative Record for the

10  prior file (before June 28, 2013) did contain such evidence. Accordingly, the ALJ

11  improperly determined that plaintiff did not have a *medically determinable* mental

12  impairment since June 28, 2013.

13      Nonetheless, the ALJ did not err in finding these impairments were not *severe*. A

14  diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant

15  must show his medically determinable impairments are severe. 20 C.F.R. §§

16  404.1512(c), 416.912(c). The impairment(s) must have lasted or be expected to last at

17  least twelve months. *See* 42 U.S.C. § 423 (d)(1)(A); 20 C.F.R. §§ 404.1505, 1509.

18      Plaintiff has the burden to furnish the evidence to establish disability. Plaintiff's

19  treating physician, Dr. McNamara, stated in his declaration that he thought plaintiff's

20  mental illness would impair plaintiff's ability to work, yet he admitted he is not an expert

21  in the area and does not reference any medical evidence to support the statement. AR

22  533–34.

23

24

25

1    In April 2015, treating physician Dr. Gunderson stated that the plaintiff suffered

2  from PTSD and other anxiety from his years of military service, but he did not give any

3  statements about the specific limitations or work-related impairments caused by any of

4  plaintiff's mental conditions. AR 986–97. Dr. Gunderson's findings were based on

5  benign psychological signs. *Id.*

6    Moreover, while PTSD was also a diagnosed condition suffered by the plaintiff in

7  January 2016 and January 2017, there were no findings that indicated work-related

8  limitations. AR 948, 982–85. In 2016, the record reflects plaintiff had alert and

9  cooperative behavior with no abnormal examination findings. AR 947. Then, in 2017, he

10  displayed appropriate mood, affect, and normal memory and no positive psychological

11  findings otherwise. AR 982–85.

12    For these reasons, the ALJ erred in finding plaintiff did not have medically

13  determinable mental impairments, but the ALJ's finding that these impairments were not

14  severe is upheld. The error finding regarding a lack of medically determinable mental

15  impairments was harmless. The ALJ made the following statement: "Even if I were to

16  find that the claimant continued to have medically determinable and severe

17  psychological impairments after June 2013, such impairment would not prevent gainful

18  employment despite the physical limitations determined later in this decision." AR 559.

19  The ALJ's decision is supported by the record, as discussed above.

20              2.   Physical Impairments

21    Plaintiff contends that the ALJ erred in finding that plaintiff's myalgia and

22  myositis, lumbar spondylosis, and fibromyalgia did not constitute severe impairments at

23  step two. Dkt. 20, p. 10. Specifically, he claims Dr. Fritchen's September 2012

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 17

rheumatological evaluation supports these impairments. *Id.* However, in its 2017

decision, the Ninth Circuit found plaintiff's "fibromyalgia was not a medically

determinable impairment[,]" and "[a]ny error in failing to specifically discuss lumbar

spondylosis, joint pain, myalgia, and myositis at step two is harmless." *Cramer v.*

*Berryhill*, 706 F. App'x 385 (9th Cir. 2017). Law of the case, and rule of mandate

doctrines apply in this situation. *See,Stacy v. Colvin,* 825 F.3d 563, 567-68 (9th Cir.

2016). Thus, the ALJ did not err in finding plaintiff did not have these severe

impairments.


### E.  The ALJ Properly Assessed Plaintiff's RFC

Plaintiff contends that the ALJ erred in assessing his RFC and erred by basing

her step four finding on her erroneous RFC assessment. Dkt. 20, p. 1.

At step five of that process, the ALJ assesses the claimant's residual functional

capacity ("RFC") to determine whether he or she can make an adjustment to other work.

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). In *Buck v. Berryhill*, the Ninth

Circuit recent emphasized that in assessing the RFC, an ALJ must consider limitations

and restrictions imposed by all an individual's impairments, even those that are not

'severe', and that an RFC should be precisely the same regardless of whether certain

impairments were found severe at step two of the sequential evaluation. 869 F.3d 1040,

1049 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in

Initial Claims, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July

2, 1996)). In *Buck*, the Ninth Circuit concluded that because the ALJ decided step two in

the claimant's favor and was required to consider all impairments in the RFC, whether "severe" or not. *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Here, the ALJ did not include a discussion of plaintiff's mental impairments at step four or five; yet the lack of diagnostic, treatment, or expert opinion evidence in the record -- concerning any post-June 28, 2013 work-related impairments resulting from mental health conditions— shows the result would not have changed even if the ALJ explicitly considered these impairments along with the physical impairments. An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Even if the ALJ did err at step four or five by not explicitly considering a non-severe impairment, such error was harmless.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 30th day of June, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 19